Andrew H. Stone (#4921)
Andrew G. Deiss (#7184)
Billie J. Siddoway (#9710)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801) 521-3200
Facsimile: (801) 328-0537

*Attorneys for Martin Gale, Laurie Gale and Gale Services P.C.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MASTERFILE CORPORATION, | |
| Plaintiff, | |
| | ANSWER |
| vs. | |
| | Case No. 2:09-CV-00966 |
| MARTIN GALE, d/b/a THE GALE TEAM; LAURIE GALE, d/b/a THE GALE TEAM; and GALE SERVICES, P.C., d/b/a THE GALE TEAM | Judge Dee Benson |
| Defendants. | |

Defendants Martin Gale, Laurie Gale and Gale Services, P.C. (collectively "Defendants") hereby respond to the Complaint of Masterfile Corporation ("Masterfile") as follows:

**JURISDICTION AND VENUE**

1.  Defendants admit that Plaintiff asserts claims pursuant to the provisions of the Copyright Act of the United States, as amended, 17 U.S.C. § 1 et seq., and otherwise deny the allegations of paragraph 1 of the Complaint.

2.  Defendants admit the allegations of paragraph 2.

1

910562.1

3. Defendants admit the allegations of paragraph 3.

## PARTIES

4. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 4 and on that basis deny the same.

5. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 5 and on that basis deny the same.

6. Defendants admit the allegations of the first sentence of paragraph 6 of the Complaint and deny the remaining allegations of paragraph 6 of the Complaint.

7. Defendants deny the allegations of paragraph 7.

## FACTS

8. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 8 and on that basis deny the same.

9. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 9 and on that basis deny the same.

10. Defendants deny the allegations of paragraph 10.

11. The Defendants answer that the Demand Letters from Masterfile speak for themselves and otherwise deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12.

## COUNT I

### CLAIM FOR COPYRIGHT INFRINGEMENT
### Under 17 U.S.C. §§ 106 and 501

13. Defendants incorporate the preceding paragraphs of this Answer as though fully set forth herein.

910562.1

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

## COUNT II
## CLAIM FOR INTENTIONAL REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION UNDER 17 U.S.C. § 1202(b)

18. Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth herein.

19. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 19 and on that basis deny the same.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

## AFFIRMATIVE DEFENSES

1. Masterfile's Complaint fails to state a claim upon which relief can be granted.

2. Defendants deny each and every allegation of Masterfile's Complaint not specifically admitted or denied herein.

3. To the extent that Masterfile's claims are based on a contractual remedy, the claims are barred by the absence of any contractual agreement between the parties.

4. To the extent that Masterfile's claims arise in copyright, Masterfile is subject to the limited copyright protection afforded to compilations.

5. To the extent that Masterfile's claims arise in copyright, Masterfile is subject to the limitation of recovery for each copyrighted work, rather than each image, where images are registered as compilations.

6. To the extent that Masterfile's claims arise in copyright, Masterfile's claims are barred to the extent that its registrations are limited by prior registration or prior publication.

7. To the extent that Masterfile's claims arise in copyright, its statutory remedies are limited by 17 U.S.C. § 504 (c) (2), because Defendants were not aware and had no reason to believe that its acts constituted an infringement of copyright.

8. To the extent that Masterfile's claims arise in copyright, its claims are barred by a license to use the images.

9. Masterfile's claims are barred in whole or in part by its intentional wrongdoing, unfair business practices and unclean hands.

10. Masterfile's claims are barred in whole or in part by the limitations of 17 U.S.C. § 507(b).

11. Defendants reserve the right to supplement and/or amend this Answer with additional defenses and/or other claims or allegations learned through or deemed necessary due to discovery.

## **PRAYER FOR RELIEF**

For the reasons set forth herein, Defendants request the following relief:

1. That Masterfile's claims be dismissed in their entirety with prejudice and that Masterfile take nothing thereby;

2. That Defendants be awarded attorneys' fees and costs to the maximum extent allowed by law;

3. That the Court grant such other relief as it deems just and appropriate.

DATED this 19th day of November, 2009.

                    JONES, WALDO, HOLBROOK & McDONOUGH

                    /s/ Andrew G. Deiss
              By:  Andrew H. Stone
                   Andrew G. Deiss
                   Billie J. Siddoway
                   *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 19th day of November, 2009, a true and correct copy of the foregoing ANSWER, was caused to be delivered by electronic service, to the following:

>HOWREY LLP
>Wesley D. Felix
>felixw@howrey.com
>Aida Neimarlija
>neimarlijaa@howrey.com
>170 South Main Street, Suite 400
>Salt Lake City, Utah 84101


        /s/ Andrew G. Deiss