IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>MARTIN GALE, d/b/a THE GALE TEAM;<br>LAURIE GALE, d/b/a THE GALE TEAM;<br>and GALE SERVICES, P.C., d/b/a THE<br>GALE TEAM,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:09-cv-966<br><br><br>Judge Dee Benson |

　　　　Before the court are defendants Gale Services, P.C., Martin Gale, and Laurie Gale's ("the Gale Team") Motion for Summary Judgment (Dkt. No. 19) and plaintiff Masterfile's Motion for Partial Summary Judgment (Dkt. No. 16). The court held a hearing on the motion. At the hearing, Masterfile was represented by Wesley Felix and the Gale Team was represented by Billie Siddoway and Andrew Deiss. After taking the matter under advisement, the court has further considered the law and facts relating to the motion. Being fully advised, the court renders the following Memorandum Decision and Order.

1

## BACKGROUND

The facts of this case are straightforward. Martin and Laurie Gale are real estate agents who own and operate Gale Services, P.C. In 2004, the Gale Team purchased an electronic presentation from Real Estate Power Tools. The presentation was embedded on the Gale Team's website.

Masterfile is a stock photography agency that licenses images for commercial use. In the spring of 2009, Masterfile discovered that the Gale Team displayed twenty-seven images from the Real Estate Power Tools presentation that Masterfile claims are copyrighted. On October 28, 2009, Masterfile filed its lawsuit against the Gale Team claiming copyright infringement.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must construe all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

In order to succeed in a copyright infringement case, "a plaintiff must prove (1) ownership of a valid copyright and (2) unauthorized copying of constituent elements of the work that are original." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005). Additionally, any claim needs to commence "within three years after the claim accrued." 17 U.S.C. § 507.

I. OWNERSHIP OF A VALID COPYRIGHT

"Presentation of a certificate of registration from the U.S. Copyright Office usually constitutes prima facie evidence of a valid copyright." *Palladium Music, Inc.*, 398 F.3d at 1196; 17 U.S.C. § 410(c). Masterfile claims it owns copyrights to twenty-seven images that were displayed on the Gale Team's website. Masterfile produced the certificates of registration to each of the twenty-seven disputed images.

The Gale Team contends, however, that Masterfile did not comply with the group registration procedures because the photographer for each of the photos needs to be the same person. 37 C.F.R. § 202.3(10)(ii). The Gale Team further contends that the court should follow *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publishing Co.*, 712 F.Supp.2d 84 (S.D.N.Y., 2010). In the *Muench* case the court held that registration of an automated database does not extend protection to the individual photographs in the database. As explained below, the court rejects both of these arguments.

First, the court finds that 37 C.F.R. § 202.3(10)(ii), as relied upon by the Gale Team, is inapplicable in this case; it applies only to cases of an individual photographer registering multiple images at once, and not to image libraries. Because the images at issue in this case were created by multiple photographers, Masterfile does not need to comply with the requirements in 37 C.F.R. § 202.3(10)(ii).

Second, the court declines to apply the reasoning in *Muench* to this case. The disputed images in this case were registered as part of a collected work in an automated database. "Registration of a collection extends copyright protection to each copyrightable element in the

collection." *King Records, Inc. v. Bennett*, 438 F.Supp. 2d 812, 841 (M.D. Tenn. 2006); *See* Nimmer on Copyright, §7.16[B][2][c]. Masterfile owns, for the purposes of copyright registration, the copyrights of each of the individual images at issue. (Pigeon Decl., ¶ 2.) Because Masterfile owns the constituent parts of the collection the registration of the collection extends copyright protection to the constituent parts. *See King Records, Inc. v. Bennett*, 438 F.Supp. 2d 812,841 (M.D. Tenn. 2006).

Having determined that Masterfile owns copyrights to the disputed images, the must determine whether there was an unauthorized copying of Masterfile's images.

## II. UNAUTHORIZED COPYING

In order to show unauthorized copying the plaintiff must show substantial similarity between the copyrighted work and the defendant's work. *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1284 (10th Cir. 1996).

The Gale Team has admitted that the images on its website and Masterfile's copyrighted images are "substantially similar." The Gale Team has also admitted that it did not have a licence from Masterfile to show the images on the website. The facts, as they pertain to unauthorized copying, show that the Gale Team copied the images by placing them on the website through the Real Estate Power Tools presentation.

## III. STATUTE OF LIMITATION

Finally, the Gale Team asserts that Masterfile's claims are untimely. As set forth previously, any claim needs to commence "within three years after the claim accrued." 17 U.S.C. § 507. "A copyright claim accrues when the plaintiff learns or in the exercise of due

diligence should have learned, that the defendant was infringing its rights." *Techni-Graphic Services, Inc., v. Majestic Homes, Inc.*, 2:02-cv-923-DAK, 2005, WL 357208 (D. Utah 2005).

The Gale Team purchased the presentation in 2004, and claims that Masterfile should have learned about the existence of the images at that time. The court disagrees. While the Gale Team may have *purchased* the presentation in 2004, the facts reveal that it was not until 2009 that Masterfile *discovered* the website with the disputed images. There is nothing to indicate that Masterfile knew or should have known about the disputed images before 2009. Accordingly, Masterfile's claims accrued in 2009 and are not time-barred.

## **CONCLUSION**

For the reasons stated above, the Gale Team's Motion for Summary Judgment is DENIED and Masterfile's Motion for Partial Summary Judgment is GRANTED.

DATED this 4th day of October, 2011.

_____
Dee Benson
United States District Judge