Wesley D. Felix (6539)
Amber M. Mettler (11460)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Telephone: 801.257.1900
Facsimile: 801.257.1800
Email:  wfelix@swlaw.com
        amettler@swlaw.com

*Attorneys for Plaintiff Masterfile Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>              Plaintiff,<br><br>vs.<br><br>MARTIN GALE, d/b/a THE GALE TEAM;<br>LAURIE GALE, d/b/a THE GALE TEAM;<br>and GALE SERVICES, P.C., d/b/a THE<br>GALE TEAM,<br><br>              Defendant. | **PLAINTIFF'S MOTION FOR PARTIAL<br>SUMMARY JUDGMENT ON<br>DAMAGES AND SUPPORTING<br>MEMORANDUM**<br><br>Case No. 2:09-cv-966<br><br>Honorable Dee Benson |

Pursuant to Federal Rule of Civil Procedure 56 and DUCivR 56-1, Plaintiff Masterfile Corporation ("Masterfile"), through counsel, hereby moves the Court for entry of judgment as a matter of law in favor of Masterfile. This Motion is based on the memorandum of points and authorities below, the pleadings on file with the Court, and any oral argument that this Court may entertain.

16912615

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **INTRODUCTION**

In its motion for partial summary judgment on damages, Masterfile seeks a judgment against Defendants Martine Gale d/b/a The Gale Team, Laurie Gale d/b/a The Gale Team, and Gale Services, P.C. d/b/a The Gale Team (collectively, "Defendants" or the "Gale Team") of $57,270.00 in statutory damages and $34,003.07 in attorneys' fees and costs, based upon Defendants' infringement. The Court has already concluded that Defendants copied Masterfile's copyrighted images without authorization in violation of the Copyright Act, 17 U.S.C. § 501. Thus, the only issue outstanding is the amount of damages to which Masterfile is entitled. Pursuant to 17 U.S.C. § 504(c), Masterfile elects to recover statutory damages which the Court has the discretion to award "in a sum of not less than $750 or more than $30,000." For the reasons set forth herein, Masterfile seeks an award of $57,270.00 in statutory damages, which represents the licensing fees Masterfile would have charged Defendants for their use of Masterfile's copyrighted images. This amount not only accurately reflects the expenses saved by Defendants and revenues lost by Masterfile, but also is sufficient to deter future infringement by Defendants and others. In addition, pursuant to 17 U.S.C. § 505, as the prevailing party, Masterfile is entitled to an award of $34,003.07, representing the attorneys' fees and costs incurred in prosecuting this litigation.

For the reasons discussed in more detail below, Masterfile respectfully asks the Court to enter judgment against Defendants in an amount of $57,270.00 in statutory damages and $34,003.07 in attorneys' fees and costs.[1]

---

[1] Masterfile abandons its claim for intentional removal of copyright management information under 17 U.S.C. § 1202(b). (See Compl. at ¶¶ 18-22, Doc. 1.) As a consequence, resolution of this motion will terminate this case.

16912615

II.     **BACKGROUND**

1.      Masterfile is a stock photography agency that acquires, organizes, distributes, and licenses rights-managed images for commercial use in media ranging from print advertising to websites. (See Compl. at ¶ 4, Doc. 1; Declaration of Steve Pigeon in Support of Motion for Partial Summary Judgment on Copyright Infringement ("Pigeon Decl. I") at ¶ 2, Doc. 18.)

2.      Masterfile is the owner of copyrights to twenty-seven images that, at one time, were displayed on the Defendants' website. (See Compl. at ¶¶ 8-10, Doc. 1; Pigeon Decl. I at ¶¶ 2-5, Doc. 18.)

3.      On March 26, 2009, Masterfile sent a "Notice of Copyright Infringement" to Mr. Martin Gale at the Gale Team. (See Declaration of Steve Pigeon in Support of this Motion ("Pigeon Decl. II") at ¶ 9 & Ex. A, Ex. 1.)[2] The letter notified Mr. Gale that he had "published twenty-seven (27) of Masterfile's images on" his website, www.teamgale.com, and requested retroactive license fees for the unauthorized use of Masterfile's images. (Id.)

4.      On October 28, 2009, Masterfile filed a Complaint against Martin Gale, Laurie Gale, and Gale Services, P.C., all doing business as The Gale Team. (See generally Compl., Doc. 1.) In its Complaint, Masterfile alleged two claims: (1) copyright infringement, in violation of 17 U.S.C. §§ 106 and 501, and (2) intentional removal of copyright management information, in violation of 17 U.S.C. § 1202(b). (Id.)

5.      The parties filed cross-motions for summary judgment on August 6, 2010, the deadline for dispositive motions. Masterfile moved for partial summary judgment on its claim of copyright infringement and Defendants moved for summary judgment on all claims. (See Docs. 16 & 19.) The motions were fully briefed on September 24, 2010. The motions came for hearing before the Court on December 9, 2010, at which time the Court gave counsel time to file additional briefing. The Court held a supplemental hearing on May 20, 2011.

---

[2] All exhibits are attached to the Appendix filed contemporaneously herewith.

6.      Thereafter, on October 4, 2011, the Court issued its Memorandum Decision, granting Masterfile's motion for partial summary judgment and denying Defendants' motion for summary judgment. (See Mem. Decision, Doc. 46.) In its Memorandum Decision, the Court concluded that Masterfile owns copyrights to the disputed images and, based upon the admissions of the Defendants, the images had been copied by Defendants without authorization. Finally, the Court rejected Defendants' argument that Masterfile's claims were untimely.

7.      Given the Court's 2011 ruling that Defendants violated copyrights owned by Masterfile, the only issue that remains outstanding is the amount of statutory damages to which Masterfile is entitled.

## III.   STATEMENT OF ELEMENTS AND UNDISPUTED MATERIAL FACTS

### A.      Damages Pursuant to 17 U.S.C. § 504(c)

Section 504(c) provides that the copyright owner may elect,

> at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

17 U.S.C. § 504(c)(1). "'The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" Major Bob Music v. S. Shore Sports Bar & Grill, Inc., Case No. 2:08-cv-689, 2010 U.S. Dist. LEXIS 66406, at *7 (D. Utah June 30, 2010) (unpublished) (quoting Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir.1984)). Statutory damages under the Copyright Act serve "purposes other than compensation, including both deterrence and punishment." Klein-Becker USA, LLC v. Englert, Case No. 2:06-cv-378 TS, 2011 U.S. Dist. LEXIS 4689, at *38 (D. Utah Jan. 18, 2011) (unpublished; quotation and alteration omitted). Indeed, the U.S. Supreme Court has observed:

> [A] rule of liability which merely takes away profits from an infringement would offer little discouragement to the infringers. It would fall short of an effective sanction for enforcement of the copyright policy. The statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. The discretion of the court is wide enough to permit a resort to statutory damages for such purposes. Even for uninjurious and unprofitable invasions of copyright the court may if it deems it just, impose a liability within the statutory limits to sanction and vindicate statutory policy.

F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952). In determining the amount of the appropriate statutory damages award under the Copyright Act, courts consider factors such as: "'(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [copyright]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant.'" Klein-Becker USA, LLC, 2011 U.S. Dist. LEXIS 4689, at *40 (quoting Fitzgerald Publ'g Co. v. Baylor Publ'g Co., 807 F.2d 1110, 1117 (2d Cir. 1986)). In doing so, courts, "[r]ecognizing the important deterrent purpose service by statutory damages, . . . routinely award as statutory damages . . . amounts that are between two and three times the license fees owed." Major Bob Music, 2010 U.S. Dist. LEXIS 66406, at *8 (collecting cases).

### Undisputed Material Facts:

1.      In 2004, Defendants purchased an electronic presentation from Real Estate Powder Tools, which presentation was embedded on Defendants' website, www.galeteam.com. (Mem. Decision at 2, Doc. 46; see also Ex. B to Pigeon Decl. II, Ex. 1.)

2.      Masterfile is a stock photography agency that licenses images for commercial use. (Id.; see also Pigeon Decl. I at ¶ 2, Doc. 18.)

3.      In 2009, Masterfile discovered that Defendants displayed twenty-seven images from the Real Estate Power Tools presentation for which Masterfile owned the copyright. (Mem Decision at 2, 4; Pigeon Decl. II at ¶¶ 9-11 & Ex. A, Ex. 1.)

4.      Masterfile notified Defendants that its unauthorized use of the images violated Masterfile's exclusive rights as copyright owner and gave Defendants an opportunity to enter into a retroactive licensing agreement or make payment for Defendants' past unauthorized use prior to initiating this litigation. Defendants removed the images from their website but declined to enter into a retroactive licensing agreement or to pay Masterfile for Defendants' prior unauthorized use. (See Compl. at ¶ 11, Doc. 1; Answer at ¶ 11, Doc. 6; Pigeon Decl. II at ¶ 9 & Ex. A, Ex. 1.)

5.      As a result, Defendants have saved and Masterfile has lost licensing fees for the twenty-seven images totaling $57,270.00. This represents Masterfile's regular license fees for the same use of the same twenty-seven images used by the Defendants. (See Pigeon Decl. II at ¶¶ 9-15 & Ex. A, Ex. 1.)

6.      In its October 2011 Memorandum Decision, the Court concluded as a matter of law that Defendants copied the copyrighted images without authorization by placing them on Defendants' website through the Real Estate Power Tools presentation, in violation of the Copyright Act. (Mem. Decision at 4, Doc. 46.)

**B.      Costs and Attorneys' Fees Pursuant to 17 U.S.C. § 505**

Section 505 provides as follows: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." In other words, "'Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable.'" StorageCraft

Tech. Corp. v. Kirby, Case No. 2:08-cv-00921, 2012 U.S. Dist. LEXIS 140704, at *8 n.16 (D. Utah Sept. 27, 2012) (unpublished) (quoting Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989)). "The United States Supreme Court has identified several nonexclusive factors to be considered by courts in exercising that discretion, including frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. Further, fees are designed to dissuade a defendant's disdain for copyright laws and to encourage the assertion of colorable copyright claims." Id. at *9 (quotation and footnotes omitted).

**Undisputed Material Facts:**

1.      The Court has held as a matter of law that Defendants copied the copyrighted images by placing them on Defendants' website through the Real Estate Power Tools presentation in violation of the Copyright Act. (See Mem. Decision at 4, Doc. 46.)

2.      To date, Masterfile has incurred $34,003.07 in attorneys' fees and costs in prosecuting this litigation. (See Declaration of Daniel B. Pollack ("Pollack Decl.") at ¶¶ 7-9, 11-12 & Exs. A and B to Pollack Decl, Ex. 2.)

3.      The hourly rates charged by Masterfile's attorneys in this matter are reasonable based on the attorneys' skills, experience, and reputations. (See Declaration of Wesley Felix ("Felix Decl.") at ¶ 4, Ex. 3.) Further, the work performed by Masterfile's attorneys during the course of prosecuting this litigation was necessary and appropriate. (See id. at ¶ 4.)

IV.     **ARGUMENT**

   A.     **Masterfile is Entitled to An Award of Statutory Damages in an Amount Not Less Than $57,270.00.**

Pursuant to 17 U.S.C. § 504(c), Masterfile is entitled to "an award of statutory damages for all infringements in the action . . . in a sum of not less than $750 or more than $30,000 as the court considers just." Here, because Defendants saved and Masterfile lost $57,270.00 in

7

licensing fees as a result of Defendants unauthorized publication of Masterfile's copyrighted images, which licensing fees represent the value of Masterfile's copyrights, and the importance of deterring future infringement by Defendants and others, Masterfile is entitled to an award of statutory damages in an amount not less than $57,270.00. See, e.g., Klein-Becker USA, LLC, 2011 U.S. Dist. LEXIS 4689, at *40 (listing factors courts consider in awarding statutory damages). This amount represents approximately $2,121 per copyrighted image at issue in this case – well within the statutory range and commensurate with amounts courts routinely award for copyright violations. See, e.g., Stockart.com, LLC v. Engle, Civil Action No. 10-cv-00588, 2011 U.S. Dist. LEXIS 20470, at *38 (D. Colo. Feb. 18, 2011) (unpublished) (awarding statutory damages in the amount of the licensing fee ($10,000) per image for a total of $80,000); Major Bob Music, 2010 U.S. LEXIS 66406, at *12 (awarding $2,000 per infringement).

### B.     Masterfile is Entitled to an Award of the Full Amount of its Costs and Attorneys' Fees Incurred in Prosecuting this Litigation.

In addition to an award of statutory damages, Masterfile is entitled to an award of the full amount of its attorneys' fees and costs incurred in prosecuting this litigation, pursuant to 17 U.S.C. § 505. As set forth in the Declaration of Daniel B. Pollack, to date, Masterfile has incurred $34,003.07 in attorneys' fees and costs. (See Pollack Decl.at ¶¶ 11-12 & Exs. A and B, Ex. 2.) The rates charged by these attorneys and the time billed are reasonable for counsel in a copyright case in this District. (See Felix Decl. at ¶ 4, Ex. 3.)

Masterfile is entitled to an award of its attorneys' fees and costs because it is indisputably the prevailing party and "no other precondition need be met." StorageCraft Tech. Corp., 2012 U.S. Dist. LEXIS 140704, at *8 n.16 (quotation omitted). As the prevailing party, Masterfile's claims cannot be said to be frivolous or objectively unreasonable, nor driven by any improper motivation – indeed, Masterfile's only motivation in prosecuting this case was to protect its intellectual property. See id. at *9. Further, given the important considerations of compensation and deterrence, a full award of attorneys' fees and costs is warranted where, as here, it would

8

otherwise be uneconomical to litigate. See id.; see also Clever Covers v. Southwest Fla. Storm Def., LLC, 554 F. Supp. 2d 1303, 1314 (M.D. Fla. 2007) ("Awarding attorney's fees addresses these goals [of stimulating artistic creativity for the public good and discouraging infringement] because it enables people to vindicate or defend their rights where it would otherwise be uneconomical to do so." (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 529 (1994)).

## V.    **CONCLUSION**

For the reasons set forth herein, Masterfile respectfully asks that the Court grant its motion for summary judgment and award Masterfile $57,270.00 in statutory damages, pursuant to 17 U.S.C. § 504(c), and $34,003.07, in attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

DATED this 2nd day of April, 2013.

SNELL & WILMER L.L.P.


/s/ Amber M. Mettler
Wesley D. Felix
Amber M. Mettler

*Attorneys for Plaintiff Masterfile Corporation*