Andrew G. Deiss (USB No. 7184)
DEISS LAW, PC
10 West 100 South, Suite 700
Salt Lake City, UT 84101
Email: adeiss@deisslaw.com
Phone: 801-433-0226

Billie J. Siddoway (USB No. 9710)
SIDDOWAY LAW OFFICE, PLLC
P.O. Box 704
Driggs, ID 83422
Email: billie.siddoway@gmail.com
Phone: 208-354-0440

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARTIN GALE, *et al.*,<br><br>　　　　Defendants. | **MEMORANDUM IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:09-cv-966-DB<br><br>Judge Dee Benson |

　　　　Defendants Martin Gale, Laurie Gale and Gale Services P.C. respectfully submit this memorandum in support of their Cross-Motion for Partial Summary Judgment requesting a finding that they are innocent infringers and a resulting reduction in statutory damages.

1

## INTRODUCTION

The Defendants in this case are innocent. The Copyright Act allows the Court to reduce statutory damages to $200 per work if it finds that an "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504 (c) (2). It is difficult to imagine circumstances where there could be less intent to infringe. Gale Services purchased a website from a third party vendor at a real estate conference. The presentation was offered to the public for the purpose of publishing the site to the internet. As part of the purchase price, the vendor uploaded and embedded the presentation to a website. Gale Services and its owners had every reason to believe that the presentation was fit and authorized for this purpose. The Gales did not know and had no reason to know that any parts of the presentation infringed on another's copyright. As soon as they learned of Masterfile's claim, they asked the vendor to remove the presentation. Because the Defendants' role in this matter was innocent, the award of the Court should be reduced to the minimum amount of $2,400.

## STATEMENT OF ELEMENTS AND
## UNDISPUTED MATERIAL FACTS

The elements of the innocent infringer reduction in damages are statutory. Section 504(c)(2) of Title 17 of the U.S. Code provides, in part: "In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."

Defendants submit the following statement of undisputed, material facts for the exclusive purposes of supporting this motion and opposing Plaintiff's Motion for Partial Summary Judgment of April 2, 2013. This statement is not authorized for any other purpose.

1. In March 2004, Gale Services P.C. purchased a complete electronic presentation from Real Estate Power Tools. (M. Gale Decl. at ¶ 2; *see* L. Gale Decl. at ¶ 3.)

2. In April 2004, Real Estate Power Tools uploaded the presentation to www.galeteam.com, a website owned by Gale Services. (M. Gale Decl. at ¶ 3. L. Gale Decl. at ¶ 3.)

3. Real Estate Power Tools protected the content of the presentation. (M. Gale Decl. at ¶ 4.) Defendants could not alter the presentation. (M. Gale Decl. at ¶ 5; L. Gale Decl. at ¶ 6.) Defendants could not add or remove images from the presentation. (M. Gale Decl. at ¶ 6; L. Gale Decl. at ¶ 6.)

4. In 2009, Masterfile notified Gale Services that the Gale Service's website contained twenty-seven images owned by Masterfile. (M. Gale Decl. at ¶ 7; L. Gale Decl. at ¶ 2.)

5. Gale Services immediately contacted Real Estate Power Tools and asked it to remove the presentation from the website. (M. Gale Decl. at ¶ 8; L. Gale Decl. at ¶ 4.)

6. Real Estate Power Tools removed the presentation from site. (M. Gale Decl. at ¶ 9.)

7. The Defendants did not remove copyright management information. (M. Gale Decl. at ¶ 10; L. Gale Decl. at ¶ 6.) The images in the presentation did not contain any copyright management information. (M. Gale Decl. at ¶ 11; L. Gale Decl. at ¶ 5.) The images did not contain the © symbol, the date of publication, or the name of the copyright owner. (M. Gale Decl. at ¶ 11;

L. Gale Decl. at ¶ 5.) There copyright notices on the images. (M. Gale Decl. at ¶ 11; L. Gale Decl. at ¶ 5.)

8. The images were generic stock photographs that the Defendants could have taken at no cost. (M. Gale Decl. at ¶ 12; L. Gale Decl. at ¶ 12.)

9. Defendants had no reason to believe and did not believe that purchasing the presentation from Real Estate Power tools would be an act of infringement. (M. Gale Decl. at ¶ 13; L. Gale Decl. at ¶ 7.) They had no reason to believe and did not believe that allowing Real Estate Power Tools to upload the presentation would be an act of infringement. (M. Gale Decl. at ¶ 14; L. Gale Decl. at ¶ 8.)

10. When Gale Services purchased the presentation from Real Estate Power Tools and allowed it to upload the presentation, Defendants believed that Real Estate Power Tools owned the presentation and all of its components. (M. Gale Decl. at ¶ 15; L. Gale Decl. at ¶ 9.)

11. Real Estate Power Tools offered the presentation to the general public for the purpose of uploading the presentation to the websites. (M. Gale Decl. at ¶ 16; L. Gale Decl. at ¶ 10.) It was reasonable for Defendants to believe that the presentation could be used for that purpose without liability to the purchaser. (M. Gale Decl. at ¶ 16; L. Gale Decl. at ¶ 10.)

12. The presentation was informational only and did not generate any direct revenues for Defendants. (M. Gale Decl. at ¶ 17; L. Gale Decl. at ¶ 11.)

13. The Gales are small business owners and real estate agents. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.) They are not experts in copyright law, and they have never had to deal with

copyrights until this situation. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.) They have never been accused of any other act of infringement. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.)

14.  Up until the time that Defendants received the initial demand from Masterfile, they were not aware and had no reason to believe that they had engaged in any act of copyright infringement. (M. Gale Decl. at ¶ 19; L. Gale Decl. at ¶ 14.)

15.  Defendants have cooperated in responding to discovery and have not done anything to unnecessarily increase the cost of litigation. (M. Gale Decl. at ¶ 20; L. Gale Decl. at ¶ 15.)

16.  Defendants tried to settle this case with a reasonable offer of payment, but Masterfile demanded more than Defendants could afford to pay. (M. Gale Decl. at ¶ 20; L. Gale Decl. at ¶ 16.)

17.  Defendants' conduct with respect to the images was and has always been innocent. (M. Gale Decl. at ¶ 21; L. Gale Decl. at ¶ 17.)

## ARGUMENT

A finding of innocent infringement "triggers an equitable remedy that affords the district court discretion to award damages commensurate with the defendant's culpability." *D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2d Cir. 1990) (internal citations omitted). In establishing reduced damages for innocent infringers, Congress intended to "protect against unwarranted liability in cases of occasional or isolated innocent infringement" while maintaining a floor adequate to preserve the deterrent effect of the copyright laws. H.R. Rep. No. 94-1476, at 163 (1976), *reprinted in* 1976 USCCAN 5659, 5779. To qualify for the reduction, a defendant must show "its good faith belief in the innocence of its conduct" and "that is was reasonable in holding such a belief." *Peer Intern. Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335-1336 (9th Cir. 1990) (*citing* 3 M. Nimmer & D. Nimmer,

*Nimmer on Copyright* § 14.04[B], at 14.40.3 (1989). The Defendants submit uncontroverted evidence in support of their belief in their innocence and the reasonability of that belief.

The Defendants were not aware and had no reason to believe that their acts constituted an infringement of copyright. (M. Gale Decl. at ¶ 14; L. Gale Decl. at ¶ 8.) Defendants had no reason to believe and did not believe that purchasing the presentation was an act of infringement. (M. Gale Decl. at ¶ 13; L. Gale Decl. at ¶ 7.) They had no reason to believe and did not believe that uploading the presentation to the internet would be an act of infringement. (M. Gale Decl. at ¶ 14; L. Gale Decl. at ¶ 8.)

It is reasonable for a consumer to believe that the goods it purchases are fit for the purpose for which they are intended. The Uniform Commercial Code created an implied warranty that goods are "fit for the ordinary purposes for which such goods are used." Utah Code § 70A-2-314(2)(c). In addition, when a merchant knows the particular purpose for which goods will be used, and the buyer relies on the seller's skill or judgment in furnishing the goods, there is a further implied warranty that the goods are fit for the purpose. Utah Code § 70A-2-315. In this case, Gale Services purchased a presentation from Real Estate Power Tools with a reasonable belief that it was fit for display. Real Estate Power Tools knew that Gale Services intended that the presentation be displayed on the internet, because Real Estate Power Tools uploaded the presentation to the website. The Defendants' beliefs in their innocence were reasonable.

The Defendants had no reason to believe that the images were protected by Masterfile's copyright. *See L.L. White Metal Casting Corp. v. Cornell Metal Specialties Corp*, 353 F. Supp. 1170, 1175 (D.C.N.Y. 1972) (defendants' initial conduct was innocent when they purchased and distributed a

6

protected article from a third party vendor and the article did not have any apparent copyright notice). The images did not contain any copyright notice, copyright symbol, copyright date, or indication that the copyright was owned by Masterfile. (M. Gale Decl. at ¶ 11; L. Gale Decl. at ¶ 5.) The Defendants were not on notice of Masterfile's copyright. (*Id.*)

At least one court equated innocent infringement with "copying from a third source wrongfully copied from the plaintiff, without knowledge that the third source was infringing." *Lipton v. The Nature Company*, 71 F.3d 464, 471 (2d Cir. 1995) (internal citations omitted). In this case, Gale Services purchased the presentation knowing that Real Estate Power Tools would upload the presentation to the website. This reliance on a third party without knowledge or reason to believe that the third party was infringing the definition of innocence.

This is not a case where the Defendants received something for nothing. Gale Services paid for the presentation. (M. Gale Decl. at ¶ 2; *see* L. Gale Decl. at ¶ 3.) The presentation was informational – it did not generate revenue. (M. Gale Decl. at ¶ 17; L. Gale Decl. at ¶ 11.) The images were not critical to the presentation; the Gales could have taken photographs suited for the purpose on their own at no cost. (M. Gale Decl. at ¶ 12; L. Gale Decl. at ¶ 12.)

The Gales are not serial infringers. This is their first encounter with copyright law. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.) They are not copyright experts, and had no reason to anticipate Masterfile's claim when Gale Services purchased that electronic presentation almost a decade ago. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.) The Gales have not been defiant. As soon as they learned of Masterfile's claim, Gale Services had the presentation removed from its website. (M. Gale Decl. at ¶ 8; L. Gale Decl. at ¶ 4.) The Gales provided information to Masterfile to help it find and

prosecute the willful infringers, and they tried to settle this case within a range they could afford. (*See* M. Gale Decl. at ¶ 20; L. Gale Decl. at ¶ 16.) These Defendants are innocent. (M. Gale Decl. at ¶ 21; L. Gale Decl. at ¶ 17.)

## CONCLUSION

For these reasons, Defendants request that the Court find that Defendants are innocent infringers and reduce any damages award to the statutory minimum for the twelve works at issue for a total judgment of no more than $2,400.

Respectfully submitted this 3rd day of May, 2013.

    /s/ Billie J. Siddoway
Billie J. Siddoway
*Co-Counsel for Defendants Martin Gale,*
*Laurie Gale and Gale Services*

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 3rd day of May, 2013, a true and correct copy of the foregoing was caused to be filed with CM/ECF with electronic service to the following:

>Wesley D. Felix
>Amber M. Mettler
>SNELL & WILMER, LLP
>15 West South Temple, Suite 1200
>Salt Lake City, Utah 84101

      /s/ Billie J. Siddoway