Andrew G. Deiss (USB No. 7184)
DEISS LAW, PC
10 West 100 South, Suite 700
Salt Lake City, UT 84101
Email: adeiss@deisslaw.com
Phone: 801-433-0226

Billie J. Siddoway (USB No. 9710)
SIDDOWAY LAW OFFICE, PLLC
P.O. Box 704
Driggs, ID  83422
Email: billie.siddoway@gmail.com
Phone: 208-354-0440

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARTIN GALE, *et al.*,<br><br>　　　　Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:09-cv-966-DB<br><br>Judge Dee Benson |

　　　　Defendants Martin Gale, Laurie Gale and Gale Services, P.C. respectfully submit this memorandum in opposition to Plaintiff's Motion for Partial Summary Judgment on Damages.

## INTRODUCTION

　　　　Martin and Laurie Gale are real estate brokers and the co-owners of Gale Services.  Back in 2004, Gale Services purchased an informational online presentation from Real Estate Power Tools.

Real Estate Power Tools uploaded the presentation to the Gale Services website.  The presentation offered general information about buying and selling homes.  It did not generate revenue.

In the meantime, stock photo agencies which licensed images for commercial use began to use technology to scan the internet for potentially infringing images.  This technology identified the presentation on the Gale Services website.  Masterfile notified the Gales of the potential infringement, and Gale Services immediately demanded that Real Estate Power Tools take down the presentation.  Masterfile wanted money.  It sent an invoice to the Gales for a "retroactive licensing agreement" of $73,830.  The Gales hadn't entered any contract with Masterfile and didn't think this amount was fair.  They contacted Masterfile and tried to resolve the issue.  The Gales provided information to Masterfile about Real Estate Power Tools.  They even arranged for Masterfile to speak with the owner of Real Estate Power Tools, and for Real Estate Power Tools to identify the companies that had developed the presentation and embedded the images.  Masterfile did not take action against Real Estate Power Tools or the developers of the presentation.  Instead, it continued to demand money from the Gales.  The Gales did not resist a monetary settlement.  They offered to pay minimum statutory damages for each work, but Masterfile refused this offer.  It wanted more.  Masterfile threatened to increase its demand by $25,000 per image (or $675,000) for removing copyright management information.  It threatened to file suit without further notice.

Masterfile did sue the Gales and Gale Services.  In its complaint, it prayed for statutory damages of $810,000 under 17 U.S.C. § 504 (c) or an unascertainable amount of actual damages, plus attorneys' fees and costs under 17 U.S.C. § 505, and $67,500 in statutory damages under 17 U.S.C. § 1203 (c).

The available range of statutory damages in copyright infringement cases is broad. It allows the Court to arrive at an amount that is fair under the circumstances. There is no question here of the Gales' innocence. They did not believe and had no reason to believe that the Real Estate Power Tools presentation contained infringing images. As soon as they learned of Masterfile's claim, they immediately caused the website to be taken down. They provided information regarding the companies who designed and sold the website and were in a better position to stop any ongoing infringement by other purchasers. They offered to settle at the minimum statutory amount – which they believed to be fair and within their ability to pay at the time.

The copyright protection afforded to stock photography companies is a hot issue. Since the filing of this case, a number of district courts have addressed registration, and the question is pending before the Second and Ninth Circuits. Masterfile is a party in at least one of those cases, and the decision rendered by this Court is at the heart of Masterfile's appeal. *See Masterfile Corp. v. Chaga Int'l*, Case No. 12-56636 (9th Cir. filed Jan. 31, 2012).

Considering the difficulties that the case has already presented to Defendants, the Defendants' innocence and financial circumstances, the Defendants' efforts to remove the infringing images and cooperate with Masterfile, and the benefit that Masterfile has already received in this action, it is equitable and appropriate to award no more than the minimum statutory damages for innocent infringers of $2,400.

**RESPONSE TO STATEMENT OF ELEMENTS**
**AND UNDISPUTED MATERIAL FACTS**

### A. Damages (17 U.S.C. § 504 (c))

Defendants agree that the legal standard for the award of statutory damages in the absence of proof of innocent infringement is set forth in 17 U.S.C. § 504(c) as quoted in section A of the Plaintiff's statement of the elements. Defendants submit that the remaining portion of the Plaintiff's statement of the elements of damages is argument, and Defendants respond in the Argument section, below. Defendants set forth the elements of innocent infringement in the memorandum in support of their Cross-Motion, submitted concurrently herewith.

**A.1.** In 2004, Defendants purchased an electronic presentation from Real Estate Powder [sic] Tools, which presentation was embedded on Defendants' website, www.galeteam.com. (Mem. Dec. at 2, Doc 46; *see also* Ex. B to Pigeon Decl.)

**RESPONSE:** Defendants dispute this statement to the extent the materials cited do not support the statement, and because the statement is contrary to the evidence submitted by Defendants. The evidence shows that Gale Services purchased an electronic presentation from Real Estate Power Tools, and that Real Estate Power Tools embedded the presentation on Gale Service's website. (M. Gale Decl. at ¶¶ 2-3, submitted as an exhibit to Defs.' Cross-Motion; L. Gale Decl. at ¶ 3, submitted as an exhibit to Defs.' Cross-Motion.) The evidence does not show that Martin Gale or Laurie Gale purchased the presentation or that Martin Gale or Laurie Gale owned the website.

**A.2.** Masterfile is a stock photography agency that licenses images for commercial use. (*Id.; see also* Pigeon Decl. I at ¶ 2, Doc. 18.)

4

**RESPONSE:** Defendants do dispute this statement for the purpose of this motion.

**A.3.** In 2009, Masterfile discovered that Defendants displayed twenty-seven images from the Real Estate Power Tools presentation for which Masterfile owned the copyright. (Mem. Dec. at 2, 4; Pigeon Decl. II at ¶¶ 9-11, Ex. A.)

**RESPONSE.** Defendants dispute this statement to the extent the materials cited do not support the statement, and because the statement is contrary to the evidence submitted by Defendants. The evidence shows that Defendant Gale Services, P.C., owned a website which displayed the twenty-seven images from the Real Estate Power Tools presentation. (M. Gale Decl. at ¶ 3.) The evidence does not show that Martin Gale or Laurie Gale owned the website or displayed the images.

**A.4.** Masterfile notified Defendants that its unauthorized use of the images violated Masterfile's exclusive rights as copyright owner and gave Defendants an opportunity to enter into a retroactive licensing agreement or make payment for Defendants' past unauthorized use prior to initiating this litigation. Defendants removed the images from their website but declined to enter into a retroactive licensing agreement or to pay Masterfile for Defendants' prior unauthorized use. (*See* Compl. at ¶ 11, Doc. 1; Answer at ¶ 11; Pigeon Decl. II at ¶ 9, Ex. A.)

**RESPONSE:** Defendants dispute the portion of the statement asserting that Defendants declined to pay Masterfile for Defendants' prior unauthorized use. Defendants made numerous attempts to settle this dispute before and after Masterfile initiated this litigation. (M. Gale Decl. at ¶ 20; L. Gale Decl. ¶ 16.) Moreover, Defendants dispute the portion of the statement asserting that

Defendants removed the images from their website. The website was owned by Gale Services, not by Martin Gale or Laurie Gale. (M. Gale Decl. at ¶ 3.) Defendants did not have the authority or ability to alter the website presentation. (M. Gale Decl. at ¶¶ 4-6, L. Gale Decl. at ¶ 6.) Real Estate Power Tools removed the images from the website at the request of Gale Services. (M. Gale Decl. at ¶ 8; L. Gale Decl. at ¶ 4.) Except as expressly stated, Defendants do not dispute the remaining portions of this statement for the purpose of this motion.

     **A.5.** As a result, Defendants have saved and Masterfile has lost licensing fees for the twenty-seven images totaling $57,270.00. This represents Masterfile's regular license fees for the same use of the same twenty-seven images used by the Defendants. (*See* Pigeon Decl. II at ¶¶ 9-15, Ex. A.)

     **RESPONSE:** Defendants dispute this statement insofar as the evidence does not support that Defendants saved $57,270 or that Masterfile lost $57,250. Defendants indicated that they could have taken photographs for the purpose at no cost. (M. Gale Decl. at ¶ 12; L. Gale Decl. at ¶ 12.) Masterfile has not identified a single lost sale to a bona fide purchaser.

     **A.6.** In its October 2011 Memorandum Decision, the Court concluded as a matter of law that Defendants copied the copyrighted images without authorization by placing them on Defendants' website through the Real Estate Power Tools presentation, in violation of the Copyright Act. (Mem. Dec. at 4, Doc. 46.)

     **RESPONSE:** Defendants do not dispute this statement for the purpose of this motion.

### B.   Costs and Attorneys' Fees (17 U.S.C. § 505)

Defendants agree that the legal standard for costs and attorneys' fees is set forth in 17 U.S.C. § 505 as quoted in section B of the Plaintiff's statement of the elements related to an award of costs and fees.  Defendants submit that the remaining portion of the Plaintiff's statement of the elements is argument, and Defendants respond in the Argument section, below.

**B.1.**   The Court has held as a matter of law that Defendants copied the copyrighted images by placing them on Defendants' website through the Real Estate Power Tools presentation in violation of the Copyright Act. (Mem. Dec. at 4, Doc. 46.)

**RESPONSE:**  Defendants dispute that the website belonged collectively to the Defendants.  The website identified as www.galeteam.com was owned by Gale Services.  (M. Gale Decl. ¶ 3.)  Except as expressly stated, Defendants do not dispute paragraph B.1. for the purpose of this motion.

**B.2.**   To date, Masterfile has incurred $34,003.07 in attorneys' fees and costs in prosecuting this litigation.  (*See* Pollack Decl. at ¶¶ 7-9, 11-12, Exs. A, B.)

**RESPONSE:**  Defendants do not dispute this statement for the purpose of this motion.

**B.3.**   The hourly rates charged by Masterfile's attorneys in this matter are reasonable based on the attorneys' skills, experience, and reputations.  (*See* Felix Decl. at ¶ 4.)  Further, the work performed by Masterfile's attorneys during the course of prosecuting this litigation was necessary and appropriate.  (*See id.*)

**RESPONSE:** Defendants dispute that the work performed by Masterfile's attorneys was necessary or appropriate because Defendants were innocent infringers and the amount Masterfile

incurred in attorneys' fees far exceeded the amount of statutory damages available for innocent infringement.  (*See* Defs.' Mem. Supp. Cross-Motion.  *See, generally,* M. Gale Decl. and L. Gale Decl.)

### C. Defendants' Statement of Additional Elements and Material Facts

In addition to the elements identified above, Defendants set forth the elements of innocent infringement in the memorandum in support of their Cross-Motion, submitted concurrently herewith.

In addition to the material facts set forth below, Defendants incorporate herein by reference the Statement of Facts contained in Defendants' Memorandum in Support of Cross-Motion for Partial Summary Judgment of May 3, 2013.

**C.1.** The images at issue, arranged by copyright registration number, are as follows:

|   | COPYRIGHT | IMAGE CODE | DESCRIPTION | EFF. DATE |
|---|---|---|---|---|
| 1 | VA 1-108-991 | 700-00062640<br>700-00063094<br>700-00063316 | Wire Globe/Cursor<br>Couple Unpacking<br>Table and Chairs | 24-Sep-01 |
| 2 | VA 1-148-928 | 700-00083909 | Basset Hound Puppy | 19-Jul-02 |
| 3 | VA 1-145-766 | 700-00067230<br>700-00068371<br>700-00069120<br>700-00069698 | Farm and Field<br>House and Garden<br>Interior of Home<br>Light Bulbs | 19-Nov-01 |
| 4 | VA 1-145-765 | 700-00075424<br>700-00076323<br>700-00076415 | Flowers<br>Hand & Light Bulb<br>Dalmatian Puppy | 25-Mar-02 |
| 5 | VA 1-145-764 | 700-00071900<br>700-00072298 | Trash Can<br>Broom Sweeping Dust | 28-Jan-02 |
| 6 | VA 1-023-874 | 700-00039068 | Couple Painting | 17-Jul-00 |
| 7 | VA 1-023-873 | 700-00045593<br>700-00045601 | Woman in Kitchen<br>Couple/House | 17-Jul-00 |
| 8 | VA 1-023-866 | 700-00008231<br>700-00018138<br>700-00024739 | House for Sale<br>Woman/Monitors<br>Business Meeting | 17-Jul-00 |

| 9 | VA 1-090-598 | 700-00055377 | Dollar Sign | 20-Jul-01 |
| | | 700-00055948 | Woman on Phone | |
| | | 700-00057029 | House/Flower Bushes | |
| 10 | VA 1-091-284 | 700-00052510 | Woman Using Laptop | 21-May-01 |
| 11 | VA 1-091-283 | 700-00051387 | Family/House | 19-Mar-01 |
| 12 | VA 1-152-020 | 700-00077855 | Couple Working | 22-May-02 |
| | | 700-00079231 | Living Room | |
| | | 700-00080396 | Gerber Daisy | |

(Compl. at ¶ 9. *See also* Ex. A to Compl.)

## ARGUMENT

Three matters are raised by Masterfile's motion and addressed below: (1) whether statutory damages are limited to the twelve copyrighted works at issue; (2) whether equities require that statutory damages be set at the low end of the damages range; and (3) whether the Court should exercise its discretion to deny Masterfile's request for attorneys' fees and cost as inequitable under these circumstances. For the reasons set forth below, these questions should each be answer in the affirmative.

### I. DAMAGES ARE LIMITED TO TWELVE WORKS, NOT TWENTY-SEVEN IMAGES

Statutory damages are calculated for each copyrighted work, rather than for each separate part of that work. Where, as here, a registered work is identified as a compilation or derivative work, "all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c) (1). *See Country Road Music, Inc. v. MP3.com, Inc.*, 279 F. Supp. 2d 325, 332 (S.D.N.Y. 2003) (holding that a compact disc is one work and the basis for one statutory damages award, even though it contained multiple compositions); *Stokes Seeds Ltd. v. Geo. W. Park Seed Co., Inc.*, 783 F. Supp. 104, 106-08

(W.D. N.Y. 1991) (holding that a reference book and the photographs it contained were a single work justifying a single award of damages).

According to Masterfile, twenty-seven images are at issue here. However, Masterfile has identified just twelve copyrighted works. (*See* SOF ¶ C.1.) By claiming damages for each image, Masterfile has overstated its statutory damages claim.

The difference is significant. As established by statute, the minimum damages amount is $750 per work. For the twelve works that Masterfile has identified, the minimum is far less than the $57,270 urged by Masterfile. Moreover, under the innocent infringer calculation addressed in Defendants' Cross-Motion, the minimum is reduced to a total award of $2,400. The Court should base its calculation on twelve copyrighted works.

## II. EQUITABLE CONSIDERATIONS SUPPORT AN AWARD OF NO MORE THAN MINIMUM STATUTORY DAMAGES.

A number of factors are relevant in determining the appropriate amount of statutory damages. Masterfile has identified the following: "(1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the [copyright]; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant." (Pl.'s Mem. Supp. of Apr. 2, 2013 at 5, internal citations omitted.)[1] These factors weigh in favor of setting damages at the lowest end of the statutory range, as follows:

---

[1] Actual damages are measured as "the actual damages suffered by [the copyright owner] as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are

- First, Defendants did not save any money or reap any profits as a result of the images. Gale Services purchased the electronic presentation. (M. Gale Decl. at ¶ 3; L. Gale Decl. at ¶ 2.) The presentation was informational, and it did not generate profits for Gale Services or any of the Defendants. (M. Gale Decl. at ¶ 11.)

- Second, the use of the images on the Gale Services website was not exclusive. There is no evidence that Masterfile lost sales to bona fide purchasers because of the use of the images on the Gale Services website. While Masterfile referenced speculative and hypothetical injuries, it has not provided any evidence of (a) embarrassment or damage to its reputation because of unauthorized use; (b) the inability to license an exclusive use of any of the images at issue; or (c) a claim for damages against Masterfile by the exclusive licensee of any of the images at issue. (*See* Pigeon Decl. of 4/2/13 at ¶ 7.)

- Third, Masterfile has not provided the fair market value of the copyrighted images. Rather, Masterfile has proposed a five year license beginning in 2009. (*See* Pigeon Decl. of Apr. 2, 2013 at ¶¶ 10, 11, 14.) This is not the amount that Masterfile would have charged to display the images on the Gale Services website when the presentation was active. That amount would have been based on 2004 rates. Moreover, the amount would have presumably been assessed to Real Estate Power Tools and spread across sales to all purchasers, not just Gale Services. Masterfile has not submitted any evidence of an appropriate license fee for the relevant use and period.

- Fourth, Masterfile has provided no evidence that an award above the statutory minimum is likely to have any increased deterrent effect on others besides the defendant.

---

not taken into account in computing the actual damages." 17 U.S.C. § 504(b). Masterfile has elected to pursue statutory damages, rather than actual damages, in this action.

- Fifth, as set forth in the memorandum in support of Defendants' Cross-Motion, Defendants are innocent. They did not have any knowledge or reason to believe that the product purchased from Real Estate Power Tools contained any infringing information. (M. Gale Decl. at ¶¶ 13-16, 19; L. Gale Decl. at ¶¶ 7-8.) The fact that the presentation was offered to the general public for purchase, and that the seller uploaded the presentation onto the Gale Services website, support a reasonable belief that the presentation was for public display without liability for infringement. (M. Gale Decl. at ¶¶ 3, 15-16; L. Gale Decl. at ¶¶ 3, 9-10.)

- Sixth, the Defendants have fully responded to all of Masterfile's discovery requests. (M. Gale Decl. at ¶ 20; L. Gale Decl. at ¶ 15.)

- Finally, upon learning of Masterfile's claim, Defendants immediately caused the Real Estate Power Tools presentation to be removed from the Gale Services website. (M. Gale Decl. at ¶ 8; L. Gale Decl. at ¶ 4.) This litigation has already been a significant deterrent to Defendants, and enhanced damages are not necessary as a further deterrent.

Under the circumstances of this case, minimal damages are sufficient to recognize Masterfile's rights and provide a deterrent effect. As discussed above, minimum statutory damages without proof of innocent infringement would be $9,000. However, upon proof of innocent infringement, the minimum is $2,400. The Court has broad discretion to determine an amount within the statutory range that is fair and equitable under 17 U.S.C. § 504. It is not necessary or appropriate to use multipliers or contractual damages provisions to assess a fair amount. On the circumstances of this case, $2,400 is the most appropriate amount.

### III. MASTERFILE SHOULD NOT RECOVER FEES AND COSTS.

Any award of costs and fees is discretionary, not mandatory. "In any civil action under this title, the court in its discretion **may** allow the recovery of full costs" and "the court **may** also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added).

In determining whether to award discretionary fees and costs, there is no binding rule. It may be appropriate to consider the amount recovered as compared to the amount sought. *See, e.g., Farrar v. Hobby*, 506 U.S. 103, 114, 113 S. Ct. 566 (1992) (plurality opinion) (denying a discretionary award of attorneys' fees in a Section 1988 action where plaintiff recovered nominal damages). By way of its complaint in this case, Masterfile requested statutory damages of $810,000 for infringement and $67,500 for removing copyright notices. (Compl. ¶ 16.) A reduction to minimum statutory damages or reduced minimum statutory damages would be substantially less than the amount requested by Masterfile. In comparison to the original demand, an award of minimal damages would justify denial or a substantial reduction of an award of costs and fees.

Another consideration is the reasonableness of a nonprevailing party's position. *See Matthew Bender & Co., Inc. v. West Pub. Co.,* 240 F.3d 116 (2d Cir. 2001). Earlier in this case, Defendants asserted that statutory damages were unavailable because Plaintiffs had not properly registered the images at issue. (*See* Defs.' Mot. of Aug. 6, 2010.) The position urged unsuccessfully by Defendants in this action has been adopted by the majority of courts considering the question. *See Masterfile Corp. v. Chaga Int'l*, Case No. cv-12-850 at 7, 2012 WL 3279531 (C.D. Cal. Aug. 10, 2012) (appeal pending); *Bean v. John Wiley & Sons, Inc.*, CV-11-8028, 2011 WL 3348959 (D. Ariz. Aug. 3,

2011); *Bean v. Pearson Educ., Inc.*, Case No. CV-11-8030 (D. Ariz. May 17, 2011); *Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 712 F. Supp. 2d (S.D.N.Y. 2010); *Bean v. Houghton Mifflin Harcourt Pub. Co.*, Case No. cv-10-8034, 2010 WL 3168624, 2010 U.S. Dist. Lexis 83676 (D. Ariz. Aug. 10, 2010) (appeal pending); *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publ. Co.*, Case No. 3:09-cv-0061, 2010 WL 3785720 (D. Alaska Sept. 21, 2010) (appeal pending). *But cf. Metro. Reg. Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 888 F. Supp. 2d 691 (D. Md. 2012) (appeal pending). The Defendants' position was, accordingly, not unreasonable.

In contrast to cases where fees have been awarded, the Defendants in this case did not knowingly or deliberately infringe upon Plaintiff's copyrights, refuse to obtain permission to use copyrighted material, or force this matter to be litigated. *See, e.g., Major Bob Music v. South Shore Sports Bar & Grill, Inc.,* Case No. 2:08-cv-689, 2010 WL 2653330 at *4 (D. Utah June 30, 2010) (awarding attorneys' fees and costs). These Defendants acted innocently, believed that Gale Services had purchased the right to use the images, immediately ceased use of the images upon learning of Masterfile's copyright claim, and attempted to resolve this matter without litigation. (M. Gale Decl. at ¶¶ 8, 13-16, 19-21; L. Gale. Decl. at ¶¶ 4, 2-9, 14-17.)

It is not necessary to assess the reasonableness of a fee request in order to deny or reduce the fee. In *Farrar*, Justice O'Conner explained: "where a fee award would be unjust, the reasonable fee is no fee at all." *Farrar v. Hobby*, 506 U.S. at 118. In this case, it would be inequitable to require Defendants to pay Masterfile's fees and costs. Defendants have demonstrated their absence of intent to infringe. The outcome of this case is significant to Masterfile's business practice of demanding retroactive license fees from unknowing purchasers like Defendants. It makes sense that

Masterfile would want to litigate these questions. But the questions do not hold the same level of importance to the Defendants. They simply want to be able to resolve this case within the reduced statutory damages range that Congress intended for such circumstances.

## CONCLUSION

For these reasons, as well as the reasons submitted in the memorandum in support of Defendants Cross-Motion, Defendants urge the Court to finally end this matter by exercising its discretion to enter judgment in amount no greater than the minimum statutory amount of $2,400.

Respectfully submitted this 3rd day of May, 2013.

SIDDOWAY LAW OFFICE, PLLC


  /s/ Billie J. Siddoway
By:   Billie J. Siddoway
      *Co-Counsel for Defendants Martin Gale,*
      *Laurie Gale and Gale Services*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of May, 2013, a true and correct copy of the foregoing was caused to be filed with CM/ECF with electronic service to the following:

>Wesley D. Felix
>Amber M. Mettler
>SNELL & WILMER, LLP
>15 West South Temple, Suite 1200
>Salt Lake City, Utah 84101

/s/ Billie J. Siddoway