Wesley D. Felix (6539)
Amber M. Mettler (11460)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101
Telephone: 801.257.1900
Facsimile: 801.257.1800
Email: wfelix@swlaw.com
  amettler@swlaw.com

*Attorneys for Plaintiff Masterfile Corporation*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>MARTIN GALE, d/b/a THE GALE TEAM;<br>LAURIE GALE, d/b/a THE GALE TEAM;<br>and GALE SERVICES, P.C., d/b/a THE<br>GALE TEAM,<br><br>  Defendant. | **MEMORANDUM IN REPLY TO<br>DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION FOR PARTIAL<br>SUMMARY JUDGMENT ON<br>DAMAGES AND IN OPPOSITION TO<br>DEFENDANTS' CROSS-MOTION FOR<br>PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:09-cv-966<br><br>Honorable Dee Benson |

  Pursuant to Federal Rule of Civil Procedure 56 and DUCivR 56-1, Plaintiff Masterfile Corporation ("Masterfile"), through counsel, hereby submits its Memorandum in Reply to Defendants' Opposition to Masterfile's Motion for Partial Summary Judgment on Damages and in Opposition to Defendants' Cross-Motion for Partial Summary Judgment.

## I. SUMMARY

The Court has already concluded that Defendants copied Masterfile's twenty-seven copyrighted images without authorization in violation of the Copyright Act, 17 U.S.C. § 501. Thus, the only issue outstanding is the amount of damages to which Masterfile is entitled. Pursuant to 17 U.S.C. § 504(c), Masterfile has elected to recover statutory damages. In its motion for partial summary judgment on damages, Masterfile showed that it is entitled to a judgment against Defendants Martine Gale d/b/a The Gale Team, Laurie Gale d/b/a The Gale Team, and Gale Services, P.C. d/b/a The Gale Team (collectively, "Defendants") of $57,270.00 in statutory damages and $34,003.07 in attorneys' fees and costs, based upon Defendants' infringement. (See generally Plf's Motion, Doc 58.) In response, Defendants contend that damages should be limited to "twelve works" rather than the twenty-seven works to which this Court has held Masterfile owns the valid copyright. (See Opp'n Br. at 9, Doc. 60.) Defendants further contend that because they are allegedly "innocent infringers," damages should be reduced to the statutory minimum of $200 per work. (See Opp'n Br. at 10, Doc. 60; Defs' Cross-Motion at 5-7, Doc. 59-1.)

Because Masterfile seeks an end to this unnecessarily protracted litigation, Masterfile does not dispute that Defendants' infringement was "innocent", but damages are not limited to twelve works, as argued by Defendants, and damages should not be reduced to the statutory minimum ($200 per work). Indeed, in claiming that Masterfile is only entitled to damages for each of the twelve registrations instead of each of the twenty-seven images used by Defendants on their websites, Defendants are inappropriately attempting to reargue an issue already decided by this Court – the Defendants' liability for infringing each of the twenty-seven Masterfile works.

In addition, Masterfile, as the prevailing party, is entitled to its attorneys' fees and costs. Contrary to Defendants' assertion, Defendants did unnecessarily increase the cost of litigation.

17131100

Rather than admitting from the outset that Defendants committed infringement, they forced Masterfile to litigate the validity of its copyrights and the timeliness of its claims through summary judgment and Defendants continue to raise arguments with respect to their liability that were previously rejected by this Court.

In sum, as set forth in its opening memorandum, Masterfile respectfully asks the Court to enter judgment against Defendants in an amount of $57,270.00 in statutory damages and $34,003.07 in attorneys' fees and costs.

## II.  OBJECTIONS AND RESPONSES TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS.

### A. Response to Statement of Elements

Masterfile agrees that 17 U.S.C. § 504(c)(2) provides, in relevant part, "In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200."

### B. Response to Statement of Undisputed Material Facts

1.  In March 2004, Gale Services P.C. purchased a complete electronic presentation from Real Estate Power Tools. (M. Gale Decl. at ¶ 2; *see* L. Gale Decl. at ¶ 3.)

    **Response:** Undisputed.

2.  In April 2004, Real Estate Power Tools uploaded the presentation to www.galeteam.com, a website owned by Gale Services. (M. Gale Decl. at ¶ 3. L. Gale Decl. at ¶ 3.)

    **Response:** Undisputed.

3.  Real Estate Power Tools protected the content of the presentation. (M. Gale Decl. at ¶ 4.) Defendants could not alter the presentation. (M. Gale Decl. at ¶ 5; L. Gale Decl. at ¶ 6.) Defendants could not add or remove images from the presentation. (M. Gale Decl. at ¶ 6; L. Gale

17131100

Decl. at ¶ 6.)

**Response**: Masterfile does not dispute that Defendants could not alter the presentation from Real Estate Power Tools, but does dispute that Defendants could not add or remove images from the Website, which Defendants registered and maintained. (See Defs' Responses to Requests for Admission No. 1 & 3 ("Defendants admit that Gale Services P.C. caused the domain www.galeteam.com to be registered, and that Gale Services P.C. causes the website at the domain www.galeteam.com to be live and maintained."), Ex. A.)

4.  In 2009, Masterfile notified Gale Services that the Gale Service's website contained twenty-seven images owned by Masterfile. (M. Gale Decl. at ¶ 7; L. Gale Decl. at ¶ 2.)

**Response**: Undisputed.

5.  Gale Services immediately contacted Real Estate Power Tools and asked it to remove the presentation from the website. (M. Gale Decl. at ¶ 8; L. Gale Decl. at ¶ 4.)

**Response**: Undisputed.

6.  Real Estate Power Tools removed the presentation from site. (M. Gale Decl. at ¶ 9.)

**Response**: Undisputed.

7.  The Defendants did not remove copyright management information. (M. Gale Decl. at ¶ 10; L. Gale Decl. at ¶ 6.) The images in the presentation did not contain any copyright management information. (M. Gale Decl. at ¶ 11; L. Gale Decl. at ¶ 5.) The images did not contain the © symbol, the date of publication, or the name of the copyright owner. (M. Gale Decl. at ¶ 11; L. Gale Decl. at ¶ 5.) There [sic] copyright notices on the images. (M. Gale Decl. at ¶ 11; L. Gale Decl. at ¶ 5.)

**Response**: Masterfile does not dispute the Defendants' actions or the contents of the presentation Defendants obtained from Real Estate Power Tools with respect to copyright management information and copyright notices, but Masterfile is not in a position to know

4

17131100

whether Real Estate Power Tools or another party removed the copyright management information that Masterfile includes with its images, including © symbols and "Masterfile" watermarks, from the twenty-seven Masterfile images included in the presentation.

8. The images were generic stock photographs that the Defendants could have taken at no cost. (M. Gale Decl. at ¶ 12; L. Gale Decl. at ¶ 12.)

**Response:** Masterfile disputes the characterization of the twenty-seven images used by Defendants on their website as "generic stock photographs." The twenty-seven images were rights-managed images exclusively assigned to Masterfile by professional photographers and illustrators and licensed by Masterfile for commercial use for higher fees than other images offered by Masterfile. (See Pigeon Decl. at ¶¶ 3-8, 12-13, Ex. 1 to Plf's Motion, Doc. 58-1.) Masterfile further disputes that Defendants' "could have taken [the same photographs] at no cost."

9. Defendants had no reason to believe and did not believe that purchasing the presentation from Real Estate Power tools would be an act of infringement. (M. Gale Decl. at ¶ 13; L. Gale Decl. at ¶ 7.) They had no reason to believe and did not believe that allowing Real Estate Power Tools to upload the presentation would be an act of infringement. (M. Gale Decl. at ¶ 14; L. Gale Decl. at ¶ 8.)

**Response:** Undisputed.

10. When Gale Services purchased the presentation from Real Estate Power Tools and allowed it to upload the presentation, Defendants believed that Real Estate Power Tools owned the presentation and all of its components. (M. Gale Decl. at ¶ 15; L. Gale Decl. at ¶ 9.)

**Response:** Undisputed.

11. Real Estate Power Tools offered the presentation to the general public for the purpose of uploading the presentation to the websites. (M. Gale Decl. at ¶ 16; L. Gale Decl. at ¶ 10.) It was reasonable for Defendants to believe that the presentation could be used for that

purpose without liability to the purchaser. (M. Gale Decl. at ¶ 16; L. Gale Decl. at ¶ 10.)

**Objection and Response:** Masterfile objects to the statements in paragraph 11 as purporting to assert facts for which Defendants lack personal knowledge and testifying as to legal conclusions. Defendants have no basis to testify as to the reason(s) why Real Estate Power Tools offered its presentation to the general public. In addition, Defendants' characterization of their alleged belief as "reasonable" is a legal conclusion.

12. The presentation was informational only and did not generate any direct revenues for Defendants. (M. Gale Decl. at ¶ 17; L. Gale Decl. at ¶ 11.)

**Response:** Masterfile does not dispute that Defendants did not earn any "direct revenues" from the Real Estate Power Tools presentation. Masterfile affirmatively asserts, however, that it would be illogical for Defendants – as "small business owners and real estate agents" – to purchase such a presentation if Defendants did not expect the presentation to draw in customers and thereby generate revenue.

13. The Gales are small business owners and real estate agents. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.) They are not experts in copyright law, and they have never had to deal with copyrights until this situation. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.) They have never been accused of any other act of infringement. (M. Gale Decl. at ¶ 18; L. Gale Decl. at ¶ 13.)

**Response:** Undisputed.

14. Up until the time that Defendants received the initial demand from Masterfile, they were not aware and had no reason to believe that they had engaged in any act of copyright infringement. (M. Gale Decl. at ¶ 19; L. Gale Decl. at ¶ 14.)

**Response:** Undisputed.

15. Defendants have cooperated in responding to discovery and have not done anything to unnecessarily increase the cost of litigation. (M. Gale Decl. at ¶ 20; L. Gale Decl. at

17131100

¶ 15.)

**Response:** Masterfile does not dispute that Defendants responded to Masterfile's discovery requests. Masterfile does dispute that Defendants "have not done anything to unnecessarily increase the cost of litigation." In their prior summary judgment motion, Defendants argued (1) that Masterfile did not properly register the twenty-seven images at issue and, therefore, did not own a valid copyright to those images and (2) that Masterfile's claims were untimely. (See, e.g., Mem. Decision at 3-4, Doc. 46.) Masterfile further asserts that despite this Court's Memorandum Decision holding that Masterfile is the owner of valid copyrights to twenty-seven images, Defendants are rearguing liability issues already decided by this Court by maintaining in their opposition to Masterfile's motion for partial summary judgment and their cross-motion for partial summary judgment that damages are limited to only twelve "works." (See, e.g., Opp'n Br. at 9, Doc. 60.)

16. Defendants tried to settle this case with a reasonable offer of payment, but Masterfile demanded more than Defendants could afford to pay. (M. Gale Decl. at ¶ 20; L. Gale Decl. at ¶ 16.)

**Response:** Masterfile does not dispute that the parties participated in various settlement negotiations, but Masterfile does dispute Defendants' characterization of their settlement offers as "reasonable."

17. Defendants' conduct with respect to the images was and has always been innocent. (M. Gale Decl. at ¶ 21; L. Gale Decl. at ¶ 17.)

**Objection and Response:** Masterfile objects to the statements in paragraph 17 as an improper legal conclusion. The question whether Defendants' conduct was and has been "innocent" is one for the Court. See 17 U.S.C. § 504(c)(2).

17131100

### III. ARGUMENT

#### A. Masterfile is Entitled to Damages for All Twenty-Seven Images At Issue.

In their opposition to Masterfile's motion for partial summary judgment, Defendants assert that statutory damages are limited to twelve works rather than the twenty-seven images at issue. (Defs' Opp'n Br. at 10, Doc. 60.) Defendants are wrong for at least two reasons. First, Defendants are improperly attempting to take a "second bite at the apple," as this Court has already concluded that Masterfile owns valid copyrights to twenty-seven images displayed on the Gale Team's website. (Mem. Decision at 3, Doc. 46.) Second, Defendants are wrong on the law. Defendants cite Country Road Music, Inc. v. MP3.com, Inc., 279 F. Supp. 2d 325 (S.D.N.Y. 2003) for the proposition that where "a registered work is identified as a compilation or derivative work, all the parts of a compilation or derivative work constitute one work." (Def's Opp'n Br. at 9, Doc. 60.) Defendants extrapolate from this that because only twelve copyrights are involved (even though twenty-seven images were identified) that statutory damages are limited to twelve works. (Id.) This is incorrect.

Cases like Country Road Music stand for the proposition that when a compilation (e.g., an album) is issued, the "work" for purposes of statutory damages is the album, not each individual song. See Country Road Music, Inc., 279 F. Supp. 2d at 332. Country Road Music and similar cases do not stand for the proposition that because individual images fall under the same copyright, the individual images must be combined into one "work." Instead, the question is "whether the plaintiff – the copyright holder – issued its works separately, or together as a unit." Arista Records LLC v. Lime Group LLC, Case No. 06 CV 5936 (KMW), 2011 U.S. Dist. LEXIS 36536, at *9 (S.D.N.Y April 4, 2011) (unpublished) (citing Bryant v. Media Rights Productions, Inc., 603 F.3d 135 (2d Cir. 2010)). Here, there is no question that Masterfile issued each image separately and not as a compilation. (See, e.g., Pigeon Decl. at ¶ 14 & Ex. A to Pigeon Decl. (identifying each image separately by catalog image number), Ex. 1 to Plf's Motion, Doc. 58-1.)

That some of the images fell under the same copyright is irrelevant. Rather, the question is whether each image was issued and marketed separately and had its own independent economic value. See, e.g., Playboy Enters. v. Sanfilippo, Case No. 97-0670-IEG, 1998 U.S. Dist. LEXIS 5125, at *18 (S.D. Cal. Mar. 24, 1998) (unpublished) (rejecting defendant's argument that because the images were collectively included in one of plaintiff's magazines, defendant should only be liable for one violation because "each one of these images has an independent economic value and is viable on its own"). Defendants do not and cannot contend that Masterfile issued and marketed the images as a compilation. To the contrary, Masterfile, a stock photography agency, issues each image separately and sought retroactive licensing fees from Defendants on an image by image basis. (See, e.g., Plf's Mem. at ¶ 3, Doc. 58.) As such, Masterfile is entitled to an award of statutory damages for each of its twenty-seven images or "works" infringed upon by Defendants.

### B. Masterfile Does Not Dispute that Defendants' Infringement Was "Innocent," But Damages Should Not Be Reduced to the Statutory Minimum.

Defendants also assert that their infringement was innocent and "equitable considerations" support of an award of damages of "no more than the minimum statutory damages." (Defs' Motion at 10, Doc. 60.) Section 504(c)(2) permits the Court to reduce the statutory damages "to a sum of not less than $200" if the infringer proves and the court finds that "such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." Importantly, "the reduction is discretionary; even for an innocent defendant, the court may still choose to award damages up to the maximum amount." 5-14 Nimmer on Copyright § 14.04.

Masterfile does not dispute that Defendants were not aware and had no reason to believe that their acts constituted copyright infringement. Masterfile does, however, contend that the "equitable considerations" do not support reducing the statutory damages to the minimum of $200 per work. To the contrary, as set forth in Masterfile's opening memorandum, the equitable

9

17131100

considerations favor an award of $57,270.00, representing the licensing fees lost as a result of Defendants unauthorized publication of Masterfile's copyrighted images.

The parties agree as to the factors the Court should consider in determining a damages award. (See Defs' Opp'n at 10, Doc. 60.) Masterfile submits that these factors favor an award of damages in the amount of $57,270.00. As set forth in its opening memorandum, this award represents the amount saved by Defendants and lost to Masterfile as a result of Defendants unauthorized publication. (See Plf's Mem. at 7-8, Doc. 58.) Defendants contend merely that the images did not generate profits for Defendants, but this is demonstrably untrue. Defendants created their website and uploaded Masterfile's copyright images for no other reason than to generate customers. Such an award further represents the value of Masterfile's copyrights and serves the very important purpose of deterring future infringement by Defendants and others. Defendants respond by asserting that the retroactive fees are not reflective of the fair market value of the copyrighted images. But it is not and cannot be disputed that Masterfile was unaware of Defendants' unauthorized publication of Masterfile's images until 2009, and it is Masterfile's practice to, at that time of discovery, seek retroactive licensing fees. Defendants (or Real Estate Power Tools) could have sought and obtained a license from Masterfile in 2004, but they chose not to.

Finally, there is one fact that deserves particular emphasis. Even though Defendants may not have been aware or had reason to believe that their acts constituted an infringement at the time the images were posted on the Gale Team's website, contrary to Defendants' assertion, Defendants did unnecessarily increase the cost of this litigation. They did so by refusing to acknowledge their infringement and denying the wrongfulness of their conduct, which required the parties to litigate Defendants' liability through summary judgment. Instead of conceding infringement, Defendants argued that Masterfile's copyrights were invalid – a point Defendants continue to argue – and that Masterfile's claims were untimely because it should have, but did

not learn of the existence of the images in 2004 when they were posted on the Gale Team's website. (See Mem. Decision at 3-4, Doc. 46.) And despite this Court's rejection of their arguments, Defendants maintain that statutory damages should be limited to twelve works rather than the twenty-seven works that they infringed.

For the reasons set forth herein and in its opening memorandum, Masterfile is entitled to an award of statutory damages in the amount of $57,270.00.

### C. Masterfile is Entitled to an Award of the Full Amount of its Costs and Attorneys' Fees Incurred in Prosecuting this Litigation.

In their opposition to Masterfile's motion for partial summary judgment, Defendants also assert that the Court should not award Masterfile its attorneys' fees and costs because a (1) reduced statutory damages award is substantially less than the amount requested by Masterfile, (2) Defendants' acted "innocently", and (3) Defendants did not "force this matter to be litigated." Defendants' arguments must be rejected for at least three reasons.

First, Masterfile has elected to seek less than the maximum amount of statutory damages is no basis upon which to deprive it of an award of its attorneys' fees and costs as the prevailing party.[1] See StorageCraft Tech. Corp. v. Kirby, Case No. 2:08-cv-00921, 2012 U.S. Dist. LEXIS 140704, at *8 ("Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." (quotation omitted)) (unpublished).[2]

Second, Defendants' "innocent" infringement on Masterfile's copyrights is not dispositive in awarding costs and attorneys' fees to the prevailing party. See Mary Ellen Enters.

---

[1] "The plaintiff will ordinarily be regarded as the prevailing party if he succeeds at trial in establishing the defendant's liability, even if the damages awarded are nominal or nothing." 5-14 Nimmer on Copyright § 14.10 (footnote omitted).

[2] Masterfile notes that Defendants do not challenge the reasonableness of Masterfile's fee request.

11

17131100

v. Camex, Inc., 68 F.3d 1065, 1072 (8th Cir. 1995) ("Bad faith or wilfulness is not a prerequisite to an award of attorneys' fees."). As one court has observed:

> An award of attorneys' fees has the consequential effect of penalizing the losing party. An award's primary purpose is, as already stated, to serve as an economic incentive for a copyright holder to use the courts in challenging an infringement. The fact that a defendant has been held liable for infringement necessarily means the defendant is blameworthy. Willful infringement therefore is not a necessary requirement for an award of attorneys' fees to a prevailing plaintiff.

In Design v. K-Mart Apparel Corp., 13 F.3d 559, 568 (2d Cir. 1994) (citation omitted); see also 5-14 Nimmer on Copyright § 14.10 ("An award of attorney's fees helps to ensure that all litigants have equal access to the courts to vindicate their statutory rights. It also prevents copyright infringements from going unchallenged where the commercial value of the infringed work is small and there is no economic incentive to challenge an infringement through expensive litigation." (quotation omitted)).

Finally, as discussed above, Defendants did "force this matter to be litigated." Had Defendants admitted their "innocent infringement" at the outset of this litigation, this case would have been over long ago, and Masterfile would not have incurred nearly the amount of attorneys' fees and costs that it did. Instead, Defendants argued through summary judgment that Masterfile's copyrights were invalid and that its claims were untimely.

In sum, Masterfile is entitled to an award of the full amount of its attorneys' fees and costs incurred in prosecuting this litigation, pursuant to 17 U.S.C. § 505.

## IV. CONCLUSION

For the reasons set forth herein and in its opening memorandum, Masterfile respectfully asks that the Court grant its motion for summary judgment, deny Defendants' cross-motion for partial summary judgment, and award Masterfile $57,270.00 in statutory damages, pursuant to 17 U.S.C. § 504(c) and $34,003.07 in attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

DATED this 20th day of May, 2013.

                                     SNELL & WILMER L.L.P.

                                     /s/ Amber M. Mettler
                                     Wesley D. Felix
                                     Amber M. Mettler

                                     *Attorneys for Plaintiff Masterfile Corporation*

17131100