IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MASTERFILE CORPORATION,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>MARTIN GALE, et al.,<br><br>Defendants | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br><br>Case No. 2:09-cv-966<br><br>Judge Dee Benson |

This matter is before the court on plaintiff Masterfile's Motion for Partial Summary

Judgment (Dkt. No. 58.) against Martin Gale, et al., and defendants Martin and Laurie Gale's

Cross Motion for Partial Summary Judgment (Dkt. No. 59.).   On July 11, 2013, the court heard

oral argument on the motions.  Ms. Amber Mettler appeared on behalf of Masterfile.  Ms. Billie

Siddoway appeared on behalf of Martin and Laurie Gale and Gale Services.  Having considered

the parties' arguments, memoranda, and the relevant law, the court enters the following

Memorandum Decision and Order.

## **BACKGROUND**

Masterfile sued Martin and Laurie Gale for copyright infringement of 27 Masterfile

images.  These images were uploaded to a website presentation the Gales purchased.  The Gales

did not personally maintain the website, or alter or change the presentation from its original

form.  Masterfile discovered its 27 images displayed on the Gales' website approximately five

years after the images were uploaded.  Masterfile contacted the Gales in an attempt to resolve the

matter, however, the parties did not reach a resolution and litigation followed.  Masterfile filed a

complaint in this court on October 28, 2009.  On October 4, 2011, the court granted a partial

summary judgment motion filed by Masterfile, finding that Masterfile owned the copyrights to

the 27 images found in use on the Gales' website and that the defendants were liable for

infringement.

On April 2, 2013, Masterfile filed a Motion for Partial Summary Judgment to resolve the

issue of damages.  On May 3, 2013, the Gales filed a Cross-Motion for Partial Summary

Judgment, addressing the same issue.

At oral argument, and in its brief, Masterfile conceded that the Gales were innocent

infringers.  Mem. in Reply to Def.'s Opp'n to Pl.'s Mot. for Partial Summ. J. on Damages and in

Opp'n to Def.'s Cross-Mot. For Partial Summ. J. at 9. (Masterfile does not dispute that

Defendants were not aware and had no reason to believe that their acts constituted copyright

infringement.)

**DISCUSSION**

**Damages**

Pursuant to 17 U.S.C. § 504, copyright infringement damages can be assessed for each

infringement within the broad range of $200.00 to $30,000.00.  The $200.00 per infringement

figure is for cases where the court determines that the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright[.]" Id. at 504 (c)(2).

In this case, the Gales purchased an informational real estate-related website presentation for $450.00.  The presentation featured information related to buying and selling real estate.  The 27 images at issue in this case were a part of the purchased presentation and the content of the presentation was in no way the creation, production, or work of the Gales.  The images in the presentation displayed no indicia of being copyrighted.  No "©" symbol or any other type of notice that may have reasonably informed the Gales of copyright protection were displayed on any of the photographs.  The Gales purchased this product with the reasonable belief that it was fit for its intended use and purpose and did not contain images that were the subject of copyrights.

Counsel for the Gales argued that the 27 images are contained within 12 copyrights and therefore, the court should only assess damages by the number of copyrights–not the number of images.  The court disagrees.  The court previously determined this issue in its October 4, 2011 Memorandum Decision and Order and declines to revisit its prior ruling.

In light of the facts of this case, including the plaintiff's concession that the Gales were innocent in their infringement, the court finds the low end of the liquidated damages scale to be appropriate.  Accordingly, plaintiff will be awarded $200.00 for 27 violations, totaling $5,400.00.

## Attorneys' Fees

The plaintiff requested attorneys' fees and costs for the prosecution of its case. Although the court may award attorneys' fees and cost to the prevailing party in an action filed under Title 17 of the United States Code, it declines to do so in this case. The record supports that the Gales, upon receiving notice of their infringement, immediately requested that the third-party remove the images from their website. They were so removed. Plaintiff has conceded that the Gales were innocent infringers.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is DENIED. Defendants' Cross-Motion for Summary Judgment is DENIED in part, and GRANTED in part. Defendants are ordered to pay damages to the Plaintiff in the amount of $5,400.00, which represents $200.00 for each of the 27 copyright infringements. No attorneys' fees are awarded.

DATED this 15th day of July, 2013.

Dee Benson
United States District Judge